UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| vs. | ) ) | CRIMINAL ACTION NO. 16-10163-DPW |
| ROBERT LEWIS | ) ) | |
| Defendants. | ) ) | |

ORDER ON GOVERNMENT'S
MOTION CONCERNING "REBUTTABLE PRESUMPTION" UNDER
18 U.S.C. § 3142 (e)(3)

August 16, 2016

KELLEY, U.S.M.J.

Mr. Lewis had a detention hearing on August 15, 2016.  Because he is charged with a violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, that has a maximum sentence of ten years or more, and because the indictment serves as proof of probable cause, by statute there is a rebuttable presumption that there are no conditions of release that will reasonably ensure his appearance and the safety of the community. 18 U.S.C. § 3142 (e)(3)(A). A defendant may rebut this presumption by providing "evidence that tends to show that his case is not close to the congressional paradigm" of a person "in the business of importing and distributing dangerous drugs, and thus... pos[ing] a significant risk of pretrial recidivism." *United States v. Shea*, 749 F. Supp. 1162, 1166, 1172 (D. Mass. 1990) (distinguishing weight of

1

presumption against a leader and a low-level member of a drug organization).

At the detention hearing on August 15, the government argued that because Mr. Lewis did not offer evidence sufficient to rebut the presumption prior to the hearing, he was not entitled to have one.  The court disagreed with the government and stated its reasons on the record, and the hearing ensued.

The government has raised this argument in other cases before this court.  In one of those cases, *United States v. Roberto Jimenez-Heyer* et al, no. 15-cr-10256-RGS, the government filed a supplemental legal memorandum regarding its motion to detain two defendants in that case, asserting that because the defendants were subject to the rebuttable presumption, if they did not offer sufficient evidence to rebut the presumption prior to the hearing, they "should be detained without any further proceedings." (#69 on the docket of *Jimenez-Heyer*.)  At the detention hearing in the *Jimenez-Heyer* case on June 14, 2016, the court rejected the government's argument with minimal explanation.

Because the government continues to make this argument, the court issues this order to clarify its ruling.  The court will cite to the government's written motion filed in the *Jimenez-Heye*r case because that motion clearly explains the government's position.

The government correctly argues that "the presumption serves to shift the burden of production and to require that the defendant introduce 'some evidence' to the contrary." (#49 at 1.)  *United States v. O'Brien,* 895 F.2d 810, 815 (1st Cir. 1990), quoting *United States v. Jessup,* 757 F.2d 378, 381 (1st Cir. 1985) *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990) (abrogating only the standard of review).  "The presumption merely creates a burden of *production* on the defendant, however; it does not shift the burden of

persuasion, which remains throughout the hearing on the government." *Shea,* 749 F. Supp. at 1165; *United States v. Jessup*, 757 F.2d at 381.

The government goes too far in arguing, however, that "[t]he defendants must meet this burden of production *before any further review is required*... Unless the defendants have sufficient evidence to offer or proffer in order to satisfy their burden of production, *they should be detained without any further proceedings*." (#69 at 2 (emphasis added).)  The court does not find any support for this proposed procedural rule either in the statute or the case law.  None of the cases cited by the government suggest that the proper procedure to be followed in a detention hearing where the presumption applies is to ask the defendant to proceed first by offering "enough" evidence to overcome the presumption.  Nor does the statute.  *See* 18 U.S.C. § 3142(f) ("The judicial officer shall hold a hearing..." for a charged violation of the Controlled Substance Act with a 10-year sentence).

While there may be some superficial appeal to having a rule that where a defendant has the burden of production to overcome a presumption, he has to produce some evidence in order to go forward with a hearing, in fact, following that procedure would be pointless.  The court certainly could require a defendant to stand up and say, "I propose that I be released to a certain address, under these certain conditions, etc." at the outset of a detention hearing where the presumption applies, but the court cannot know whether the defendant's proposed conditions are enough to overcome the presumption until the court has had the hearing.  In a case where the presumption applies, the law still requires that the court consider all the evidence produced at a hearing before deciding whether to release.  "[T]he court must weigh any evidence produced by the defendant against the presumption, and the evidence produced by the government, in order to

determine whether detention without bail is appropriate." *United States v. Ferrer-Sosa,* 28 F. Supp. 3d 122, 128 (D.P.R. 2014) (internal citations omitted.). The "evidence" the court must consider encompasses all the factors set out in the bail statute, including the nature and circumstances of the charged offense, the weight of the evidence, the history and characteristics of the person, and so on. A defendant may counter the presumption, then, not only by proposing conditions, but by cross-examining a government witness or challenging the government's exhibits. Insisting that a defendant recite some proposed conditions at the outset of a hearing, and then having the hearing to determine whether they are enough, is a meaningless exercise.

    In sum, this court finds that in a case in which the presumption applies, a defendant certainly does carry the burden of producing some evidence to rebut the presumption; however, he is entitled to the opportunity to present such evidence at a hearing, and he need not produce the evidence at the outset of the hearing in order to have the hearing.

    /s/ M. Page Kelley
M. PAGE KELLEY
United States Magistrate Judge